## RICHMOND vs. DUNCAN & PRESTON.

Service of a writ of attachment by merely summoning a *garnishee*, gives the Court no jurisdiction.
Manner of serving such writ prescribed.

THIS case was determined in Clark Circuit Court, in October, A. D. 1841, before the Hon. WILLIAM CONWAY B., one of the Circuit

Judges. Duncan & Preston filed their declaration in debt, with the proper affidavit and bond, and sued out a writ of attachment against Barton Richmond. The writ was returned served, by summoning John Wilson, as garnishee, and no property found. After publication made, judgment by default. The case came up by writ of error.

*Pike & Baldwin*, for the plaintiff, referred to *Desha vs. Baker et al.*, 3 *Ark.* 509, as settling this case; and contended further, that suing this writ of error ought not to be held to be such an appearance as subjected the plaintiff to the jurisdiction of our courts, and would compel him to appear and defend. They insisted that it would be only to relieve him against one wrong done him, by subjecting him to another equally as great. Shall it be said that a foreigner cannot avoid an unjust judgment, void of itself, because *coram non judice*, without being compelled to permit the jurisdiction ultimately to attach? *Story, Conf. of Laws*, 461, 462. *Bissell vs. Briggs*, 9 *Mass.* 468. *Hall vs. Williams*, 6 *Pick.* 232.

*Hanagin*, contra.

*By the Court*, RINGO, C. J.

This Court held, in *Desha vs. Baker et al.*, 3 *Ark.* 509, that a writ of attachment of this character, under our statutory provisions prescribing the manner in which such process shall be served, could not be executed so as to bind either the property, effects, or credits of the debtor, without the officer charged with the execution thereof, going to the place where the property upon which it is levied may be found, or to the place where the debtor to the defendant may be found, or, if he cannot be found, to his usual place of abode, and then and there, in the presence of one or more citizens of the county, declaring, according to the truth of the fact, that he attaches, as the property of the defendant, certain lands or tenements, goods or chattels, then present, giving, at the time, such description of the property so attached as will identify and distinguish it from other property not attached; and, where it is designed to bind either property, effects, or credits of defendant, in the hands of any garnishee or third person, the same course must be pursued: that is, the officer must declare, in the pre-

sence of such garnishee or third person, one or more citizens of the county being also present, that he attaches all the property, credits, and effects of the defendant, in the hands or possession of such garnishee or third person; or, if it be not necessary to attach the whole, he must designate and specify what portion or particular part thereof he attaches; and the like declaration and specification must be made at the usual place of abode of such garnishee or third person, when service of such writ shall be made by leaving a copy. And unless this be done, the property, effects, or credits of the defendant, are not bound, or legally subjected to the demand of the plaintiff, by virtue of the attachment, notwithstanding the writ may, in every other respect, have been executed in the manner prescribed by law.

The proceeding by attachment is, in its character, essentially a proceeding *in rem*, although the defendant may be personally served with the writ, if he be found in the county; in which event it assumes also, in some respects, the character of a proceeding *in personam;* and, upon such service, the defendant is bound to appear and answer, as in ordinary actions: but, to warrant a judgment against him by default, the writ must be executed by either a personal service upon him, or a service legally binding either upon his lands, tenements, goods, chattels, moneys, credits, or effects. The return to the writ, in this case, shows no such execution of it upon either. Consequently, the judgment against the plaintiff, by default, was wholly unauthorized, and the Court erred in pronouncing it.

Reversed, and defendant ruled to appear below.